HINE ET AL. v. MCDONALD, ADMR., ETC.

[No. 18,793. Filed April 3, 1956.]

*Bloom & Bloom,* of Columbia City, for appellants.

*Gates & Gates,* of Columbia City, and *J. Robert McDonald,* of Fort Wayne, for appellee.

ROYSE, C. J.—Appellants brought this action to have the order of the Whitley Circuit Court appointing Administrator of the estate of William A. Hine, deceased, set aside, and to revoke the letters of administration issued to said appellee. Trial to the court resulted in finding against appellants and in favor of appellee. Judgment accordingly. The error assigned here is the overruling of appellants' motion for a new trial. The only specification of that motion which presents a question is that the finding of the court is contrary to law.

Appellants contend the appointment of appellee was void because the verified application for letters did not state the sole purpose of the appointment was to file an action for wrongful death against residents of Whitley County.

Section 7-418, Burns' 1953 Replacement, provides as follows:

"Administrator for estate of nonresident—Purpose.—Any court having probate jurisdiction in the state of Indiana may appoint an administrator for the estate of a nonresident for the sole purpose of bringing an action to recover damages for the

wrongful death of such nonresident. The appointment may be made in the county in which the death occurred; or in the county in which the injury causing the death was received; *or in the county in which any party defendant to the suit resides.* The appointment shall in no way depend upon whether or not the decedent left assets. [Acts 1953, ch. 112, §1018, p. 295.]" (Our emphasis).

Appellants admit that they were residents of Whitley County, Indiana, at the time of the appellee's appointment as administrator, but such fact was not stated to the court under oath or contained in the verified application upon which the court based the appointment.

The record herein discloses that appellee, at the time he opened the estate, told the court he was opening the estate for the sole purpose of filing an action for the wrongful death of decedent. It further discloses the Judge of the Whitley Circuit Court typed on the docket sheet of the estate docket "Wrongful Death Only" at the time appellee was appointed. On the day appellee was appointed, he, as such administrator, filed an action against appellants for the wrongful death of his decedent.

On this record we are of the opinion there is no merit to appellants contentions set out above.

Appellants present no question as to the admission of certain testimony because their motion for a new trial did not state the objection made at the time the evidence was offered.

Judgment affirmed.

NOTE.—Reported in 133 N. E. 2d 77.